OPINION
{¶ 1} Plaintiff-appellant, Herbert W. Rodehaver ("Herbert"), appeals from the Judgment Entry-Decree of Divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations, which granted him a divorce from defendant-appellee, Meranda A. Rodehaver ("Meranda"). Because we conclude that the trial court *Page 2 
did not err by awarding to Meranda $1,000 per month in spousal support or by requiring Herbert to pay $5,000 to Meranda for her attorney fees, we affirm.
 {¶ 2} Herbert and Meranda were married in 1992, and they had no children together. Herbert filed a complaint for divorce in August 2005, and Meranda filed a counterclaim for divorce.
 {¶ 3} Herbert moved for, and the court granted, a restraining order against Meranda. The order prohibited Meranda from annoying or harassing him, from disposing of their property, from withdrawing funds from their accounts, and from making other changes to their assets and common interests.
 {¶ 4} Meranda also moved for, and a magistrate granted, a restraining order against Herbert. That order prohibited Herbert from removing or transferring the parties' assets.
 {¶ 5} A magistrate entered temporary orders on October 26, 2005. By agreement of the parties, these orders required Herbert to pay the mortgage, taxes, insurance, and utilities for real property located in Westerville, his student loan, his credit card, his truck payment and insurance, and all other debts in his own name. The orders required Meranda to pay the loan and insurance for a motor home and an automobile, her credit card, and all other debts in her own name.
 {¶ 6} In January 2008, Meranda moved for contempt against Herbert. In her motion, she alleged that Herbert had violated the restraining order by cashing out a retirement account with a value of nearly $30,000. Meranda also asked for an award of attorney fees. *Page 3 
 {¶ 7} The court heard the complaint and counterclaim for divorce in a final hearing on April 1, 2008. Thereafter, the parties submitted proposed findings of fact.
 {¶ 8} The trial court filed a Judgment Entry-Decree of Divorce on June 18, 2008. As we detail below, the court divided the assets of the parties, ordered Herbert to pay Meranda $1,000 per month for 60 months in spousal support, and ordered Herbert to pay $5,000 to Meranda for attorney fees.
 {¶ 9} Herbert appealed, and Meranda cross-appealed, the trial court's judgment. Because Meranda dismissed her cross-appeal, only Herbert's appeal remains for our consideration. He raises the following assignments of error:
 I. THE TRIAL COURT ERRED IN ORDERING [HERBERT] TO PAY $1,000 PER MONTH FOR SIXTY (60) MONTHS AS AND FOR SPOUSAL SUPPORT TO [MERANDA].
 II. THE TRIAL COURT ERRED IN ORDERING [HERBERT] TO PAY $5,000 IN ATTORNEY FEES TO [MERANDA] WITHIN THIRTY (30) DAYS OF THE FILING OF THE DIVORCE DECREE.
 {¶ 10} In his first assignment of error, Herbert argues that the trial court erred by requiring him to pay spousal support in the amount of $1,000 per month for 60 months. We disagree.
 {¶ 11} A trial court has broad discretion in determining whether to award spousal support. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24. The trial court also has discretion in determining the amount of a spousal support award. Havanec v. Havanec, Franklin App. No. 08AP-465,2008-Ohio-6966, ¶ 23, citing Vanderpool v. Vanderpool (1997),118 Ohio App.3d 876, 879. An appellate court may not alter a support award absent an abuse of discretion. Havanec, ¶ 23. An abuse of discretion implies that the *Page 4 
court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} R.C. 3105.18(B) allows a trial court to award "reasonable spousal support to either party" in a divorce proceeding. Pursuant to R.C. 3105.18(C)(1), in determining whether spousal support is "appropriate and reasonable," and in determining the amount, terms, and duration of the support, the trial court must consider the following:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 (b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
 (d) The retirement benefits of the parties;
 (e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
 (h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain *Page 5 
appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
 {¶ 13} A trial court need not comment on each statutory factor; rather, the record need only show that the trial court considered the factors in making its award. Havanec, ¶ 6, citing McClung v.McClung, Franklin App. No. 03AP-156, 2004-Ohio-240, ¶ 21. Here, the trial court considered each of the statutory factors and determined that an award to Meranda of $1,000 per month for 60 months was reasonable and proper.
 {¶ 14} On appeal, Herbert contends that the trial court failed to give proper weight to Meranda's earning potential, in large part because her own actions caused her to lose three employment positions. The decision to impute income for purposes of spousal support lies within the discretion of a trial court. Havanec, ¶ 23. We discern no abuse of discretion here.
 {¶ 15} Meranda testified at length about her positions with the American Red Cross, the American Heart Association, and International Security Associates, Inc. While Herbert presented evidence that Meranda lost the American Red Cross position because of a disciplinary issue, Meranda testified that the Red Cross lost funds after Hurricane Katrina, and the organization eliminated her position. She testified that she left the American Heart Association because of a health concern related to the stress and travel of that job. Herbert presented witnesses who testified that Meranda *Page 6 
voluntarily left International Security Associates. Meranda, however, testified that she was fired from that position for agreeing to interview with another company.
 {¶ 16} Meranda testified to periods of unemployment, and she testified about her current efforts to find new and better employment. In particular, Meranda testified that she has taken steps to obtain a nursing degree, which would require her to enter a four-year program. In his testimony, Herbert agreed that, when he and Meranda married, they both planned to complete their college education. When Meranda did not pursue a degree, Herbert obtained student loans, attended DeVry, and got a Bachelor of Science degree, which enhanced his income potential. Herbert's current income is $73,860.16 annually.
 {¶ 17} The trial court discussed all of the evidence concerning Meranda's work history, and it did so in detail. Ultimately, the court found that, "[although based upon her employment history [Meranda] is currently underemployed," she is not "voluntarily underemployed under the present facts." (Emphasis sic.) On these grounds, the court did not impute any income to Meranda and used her income of $22,800 annually for purposes of determining spousal support.
 {¶ 18} Having reviewed the record, we conclude that the trial court considered Meranda's work history and earning potential carefully. While Herbert may argue that the trial court should have given his version of Meranda's work history more weight, there is competent, credible evidence to support the trial court's findings and its decision not to impute income to Meranda.
 {¶ 19} Herbert also argues that an award of $1,000 per month in spousal support creates a financial hardship on him. In particular, he argues that the court required him *Page 7 
to pay the mortgage, taxes, insurance, and utilities relating to the marital real estate until it is sold. Herbert argues that these expenses total more than $1,800 per month. When combined with the $1,000 spousal support per month, he argues, more than 50 percent "of his spendable income is mandated to be used for her benefit or for the benefit of maintaining the real estate from which she will also receive proceeds."
 {¶ 20} We conclude, however, that Herbert's figure of $1,800 is not simply for maintenance of the property. Instead, the figure includes Herbert's own living expenses, including his bills for water, phone, gas, and electric, which he incurs because he is living in the home. These personal expenses provide no value to Meranda.
 {¶ 21} Herbert also attempts to include within the $1,800 figure his monthly student loan payment of $264.85. The trial court found that the student loan debt was marital, and the court included it within the division of debts between the parties. Herbert does not otherwise claim that this division was inequitable, and it has nothing to do with maintaining real property for Meranda's benefit.
 {¶ 22} The only expenses that could be construed as beneficial to Meranda are the costs for the mortgage, taxes, and property insurance, all of which, according to Exhibit 4b, total less than $1,200 per month. We note, however, that Herbert will receive credit for any reduction in mortgage principal, once the property is sold.
 {¶ 23} In the end, we conclude that the trial court did not abuse its discretion by awarding spousal support in the amount of $1,000 per month. While Herbert testified that he was "having a rough time making it" on his annual income of nearly $74,000, he did not present a monthly budget for his living expenses. (Tr. 190.) Meranda did *Page 8 
present a monthly budget, however. After deducting dog-related expenses, the court found that Meranda's reasonable monthly living expenses were approximately $2,500, an amount she could not meet based on her current annual income of less than $23,000. Based on the record before us, we cannot conclude that the trial court erred. Therefore, we overrule Herbert's first assignment of error.
 {¶ 24} In his second assignment of error, Herbert argues that the trial court erred when it ordered him to pay $5,000 to Meranda within 30 days for her attorney fees. We disagree.
 {¶ 25} R.C. 3105.73(A) allows a trial court to make an award of attorney fees in a divorce proceeding "if the court finds the award equitable." In determining whether an award is equitable, a court "may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." R.C. 3105.73(A). An award of attorney fees under this provision lies within the sound discretion of the trial court. Parker v. Parker, Franklin App. No. 05AP-1171,2006-Ohio-4110, ¶ 36.
 {¶ 26} Here, the $5,000 attorney fee award to Meranda was not arbitrary, unreasonable or unconscionable. The court considered all of the statutory factors, including Herbert's conduct. In particular, Herbert had refused to consider any reasonable settlement of the spousal support issue. He also failed to comply with Meranda's March 2007 discovery request. That failure required follow-up correspondence, the filing of a motion to compel, and the use of other means to discover his liquidation of retirement assets, "[a]ll of which increased [Meranda's] litigation costs." *Page 9 
 {¶ 27} Before this court, Herbert argues that he does not have the means to pay the award, in large part because the "court allocated to [Meranda] essentially all of the liquid assets, including the retirement accounts, etc. of the parties." This argument is unpersuasive. The trial court addressed and analyzed the parties' assets and conduct carefully, including Herbert's liquidation of a retirement account, with a significant financial penalty, in violation of a court order. While the court may have allocated more of the parties' limited liquid assets to Meranda, the court also allocated more of the marital debt to Meranda and allocated valuable personal property to Herbert. While the court required Herbert to pay the mortgage and related expenses for the marital home, Herbert's share of any sale proceeds will credit him for the reduction in mortgage principal. Given Herbert's conduct, the division of assets, and the significant disparity in the parties' income, we conclude that the trial court did not abuse its discretion in awarding $5,000 in attorney fees to Meranda. Therefore, we overrule Herbert's second assignment of error.
 {¶ 28} In conclusion, we overrule Herbert's first and second assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.
Judgment affirmed.
 KLATT and McGRATH, JJ., concur. *Page 1