[Cite as *Katz v. Katz*, 2014-Ohio-1255.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Dolly E. Katz,                                    :

       Plaintiff-Appellee/              :
       [Cross-Appellant],

                                        :          Nos. 13AP-409
v.                                                           and  13AP-417
                                        :       (C.P.C. No. 09DR-12-4873)

Larry Katz et al.,

                                        :          (REGULAR CALENDAR)

       Defendant-Appellant/
       [Cross-Appellee].               :

D E C I S I O N

Rendered on March 27, 2014

*Briscoe Law Offices Co., L.P.A.,* and *Colleen H. Briscoe*, **for appellee/cross-appellant.**

*Grossman Law Offices*, and *Andrew S. Grossman*; *Giorgianni Law LLC,* and *Paul Giorgianni*, **for appellant/cross-appellee.**

*Dinsmore & Shohl LLP, Michael D. Bonasera* and *Greg P. Mathews*, **for Larry Katz, Trustee.**

APPEALS from the Franklin County Court of Common Pleas, Division of Domestic Relations

TYACK, J.

{¶ 1} This is an appeal and cross-appeal from the Franklin County Court of Common Pleas, Division of Domestic Relations decision and judgment entry/decree of divorce filed April 17, 2013. The primary issues for trial were the division of property regarding real estate and the business interests of the parties. A related issue was spousal support. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.

{¶ 2}  Larry and Dolly Katz were married on December 31, 1986.  They had two sons who are both adults.  The parties entered into a prenuptial agreement that memorialized the distribution of various assets and the values of some assets.  Larry Katz owned, prior to the marriage, an IRA, 13 pieces of property, and a business known as Columbus Recycling Co., Inc.

{¶ 3}  In February 1993, six years after the marriage, Larry Katz created the "Irrevocable Trust Agreement of Larry Katz for the benefit of Steven Mark Katz & Joshua Brian Katz." ("the Trust").  Larry Katz claimed that the Trust was for estate planning purposes, but it was pointed out at trial that he sought a divorce in 1994 that was subsequently dismissed.  Dolly Katz was excluded from any ownership or inheritance from the Trust.  The original corpus of the trust was $33,589 and came from an inheritance from Larry Katz's father.  Dolly Katz denied knowing of the Trust until early 2010, approximately 17 years after its creation.

{¶ 4}  As set forth in the trust documents, Larry Katz reserved to himself the following powers:  the right to control and manage the trust assets; the right to hold and retain those assets without liability for loss or depreciation; complete authority to invest trust property in any form; complete authority to buy or sell real estate on whatever terms he deemed appropriate; authority to operate any business enterprise; authority to handle all litigation; authority to manage, lease, and develop any and all real estate; authority to pay debts and expenses; authority to take care of environmental hazards using trust assets; and further specifically authorized payment not only of ordinary compensation, but additional compensation for extraordinary services in amounts that would be solely determined by him.

{¶ 5}  In 2008, Larry Katz formed KFT Holding Company, LLC ("KFT").  The holding company purported to assign interests and rights in 51 limited liability companies, each associated with a real estate/rental property address.  Membership interests were assigned as follows:  25 percent to Larry Katz; 25 percent to Dolly Katz; and 50 percent to Larry Katz, trustee of the Trust.

{¶ 6}  Larry Katz was named manager for KFT and had complete control to operate KFT as he saw fit.  Thirteen of the properties were Larry Katz's separate property. Larry Katz testified that he had gifted his 13 premarital rental properties to Dolly Katz

assigning a membership interest of 25 percent at the same time he allegedly transferred 36 marital rental properties into LLCs. The lack of evidence to demonstrate the actual existence of the original LLCs, and the inability to establish tracing documentation led to the trial court finding 37 of the properties to be marital property and 13 of the properties to be Larry Katz's separate properties. The trial court found that due to Larry Katz's lack of credibility and convenient lack of knowledge, he did not have any donative intent to gift an interest in the properties to Dolly Katz. Rather, Larry Katz used his business dealings in an attempt to preserve all his assets and any income for himself.

{¶ 7} In 2010, distributions in the amount of $36,146 were allegedly made to Dolly Katz for her purported 25 percent interest. Dolly Katz testified that she did not receive that income and therefore did not report it on her 2010 tax return. A CPA hired by Dolly Katz testified that he could not find any consistency in the timing or amount that the parties' sons had been given in distributions of the Trust. The court concluded that KFT was created to solidify Larry Katz's sole control of the properties, while at the same time diminishing the parties' marital estate to Dolly Katz's detriment.

{¶ 8} On December 14, 2009, and before the alleged distributions mentioned above, Dolly Katz filed for divorce. A magistrate granted a temporary order requiring Larry Katz to provide health insurance for Dolly Katz, to pay spousal support of $2,500 per month, to pay $4,000 in attorney fees to Dolly Katz, to pay the expenses of the marital residence, to pay Dolly Katz's car payment, and to pay his own debts. Dolly Katz was to pay her debts. Larry Katz sought to vacate or modify the temporary order. Motions for contempt, oral argument, and further orders followed. He was unsuccessful in getting the temporary orders modified.

{¶ 9} Discovery was complicated by the manner in which Larry Katz handled his business, real estate, and financial dealings. Dolly Katz had little-to-no role in the family and business finances, and found it necessary to engage a forensic accountant to attempt to trace assets and unravel the labyrinth of Larry Katz's business and personal financial dealings. Dolly Katz testified that her husband kept her in the dark about financial matters considering that to be his business and none of hers.

{¶ 10} A trial of the contested issues was heard over several days in March 2012. The trial court found that Larry Katz's testimony was evasive and lacking credibility. On

April 17, 2013, the trial court filed its 59-page decision and judgment entry/decree of divorce.

{¶ 11}  Larry Katz appealed, and Larry Katz as Trustee appealed.  The arguments made on behalf of the trust mirror those by Larry Katz individually and those issues will be discussed together.  Larry Katz assigned the following errors:

> 1. The Divorce Decree orders Larry to pay Dolly, as property equalization, the fixed amount of $1,500,694 in cash.
>
> The Divorce Decree classifies as marital assets seven properties that are Trust assets.  (Larry Katz as trustee also asserts that the trial court erred by finding that assets owned by the trust are marital property subject to division).
>
> 3.  The Divorce Decree finds that the single-asset LLCs do not exist.
>
> 4. The Divorce Decree orders Larry to pay Dolly $140,000, representing half of the appreciation in the value of Columbus Recycling Company.
>
> 5. The Divorce Decree orders Larry to pay Dolly cash equal to half of the $280,000 capital gain from the sale of Columbus Recycling Company plus half of the 2009 and 2010 federal income tax refunds.
>
> 6. The Divorce Decree allocates to Larry 100 percent of five marital liabilities.
>
> 7.  The Divorce Decree allocates to Larry 100 percent of the Katz's' undetermined tax liabilities for 2010 and earlier, while giving Dolly 50 percent of the Katz's undetermined refunds.
>
> 8. The Divorce Decree calculates spousal support based upon the income produced by assets the Decree orders Larry to sell.
>
> 9. The Divorce Decree imputes zero income to Dolly.
>
> 10. The Divorce Decree orders spousal support for an indefinite term without retaining jurisdiction to modify the term.
>
> 11. The Divorce Decree orders Larry to pay Dolly's attorney fees.

{¶ 12} Cross-appellant, Dolly E. Katz, assigns as error the following:

> 1. THE COURT MADE A RULING THAT WAS CONTRARY TO THE EVIDENCE AND ABUSED ITS DISCRETION IN AWARDING FIVE (5) RENTAL PROPERTIES AS NON-MARITAL WHEN DEFENDANT ONLY TRACED A SMALL PORTION OF THE ASSETS TO A NON-MARITAL SOURCE.
>
> 2. THE COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO MAKE A DISTRIBUTIVE AWARD.

### *Property equalization of $1,500,694 in cash*

{¶ 13} Assignments of error one, two, and three concern the property equalization cash award to Dolly Katz, the classification of alleged Trust assets as marital, and the finding by the trial court that there was a lack of evidence that the single asset LLCs exist.

{¶ 14} In a divorce, a trial court must divide the marital property of the parties equitably. R.C. 3105.171(C); *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981). Marital property includes all real and personal property and interest in real and personal property that is currently owned by either or both of the spouses and that was acquired by either or both of the spouses during the marriage. Separate property includes property acquired prior to the date of marriage, or through inheritance or gift, or acquired with non-marital funds after separation. Equality of distribution, while an admirable goal in many situations, must yield to concerns for equity. *Longo v. Longo*, 11th Dist. No. 2004-G-2556, 2005-Ohio-2069, ¶ 111.

{¶ 15} The party seeking to have an asset classified as separate property must prove by a preponderance of the evidence that the asset can be traced to separate property. *Taub v. Taub*, 10th Dist. No. 08AP-750, 2009-Ohio-2762, ¶ 28; *Peck v. Peck*, 96 Ohio App.3d 731, 734 (12th Dist.1994). We review the trial court's factual determination of property as separate or marital under a manifest weight of the evidence standard. *Taub* at ¶ 15.

{¶ 16} A reviewing court may modify or reverse a property division if it finds that the trial court abused its discretion in dividing the property as it did. *Cherry* at 355.

{¶ 17} In this case, the trial court allocated to Larry Katz 47 marital properties consisting of the marital residence, business properties, and residential rental properties.

The court used the best evidence it had, namely, the auditor's assessed value. The trial court then calculated the marital total of assets and liabilities to be $3,607,140. The net value of Larry Katz's marital assets and liabilities came to $3,304,264, and the net value of Dolly Katz's marital assets and liabilities came to $302,876, the difference being a property equalization award of $1,500,694 to Dolly Katz.

{¶ 18} Larry Katz argues this allocation is unfair because it forces him to liquidate some of his properties to pay Dolly Katz, and forces him to undergo all the costs and risks associated with selling the properties. We disagree. The trial court did indicate that it believed its order would require Larry Katz to select and liquidate some real properties awarded to him. However, it was abundantly clear from the trial that Larry Katz maintains complete control over his business interests. He has three years to pay the award. Nothing in the decree requires him to liquidate property. He can mortgage properties in lieu of selling them, he can pay the award out of other funds that he controls, or he can liquidate some of his properties, but he has complete control over that process. Any information regarding repairs, costs, tax ramifications, and risks associated with liquidation of these marital assets remained and remains at all times with Larry Katz. However, there was no evidence in the record of what any of those costs or risks might be. Larry Katz may be correct in his presumption that he will undergo certain risks associated with selling properties, but his evasiveness and lack of credible testimony provided no information that the trial court could use in making those evaluations. With no evidence of potential tax consequences in the trial court, such consequences would be speculative. It is also speculative as to whether Larry Katz would have to liquidate his real property, and therefore the trial court need not consider the tax consequences. *See Syslo v. Syslo*, 6th Dist. No. L-01-1273, 2002-Ohio-5205, ¶ 72.

{¶ 19} The trial court had another reason for keeping the real properties in Larry Katz's possession. There was evidence in the record that Larry Katz concealed his intentions and attempted to deprive his spouse of her share of certain proceeds. If, as his counsel suggests, the court should have ordered liquidation and division of the cash proceeds, Dolly Katz would be unable to protect her interest in the net proceeds. Larry Katz could claim large expenses, costs of sale, or choose properties that would give him the greater return and cause Dolly Katz to be deprived of her fair share. Further, since

Larry Katz is a real estate broker, the costs of sale and process of selling the property could be problematic to ascertain.

{¶ 20} The record shows that Dolly Katz has a high school education and little to no understanding of the family and business finances. She did not have the financial acumen or ability to handle the practical aspects of a transfer of real estate to her. She was presented with papers to sign and did as her husband directed. Larry Katz's accountant refused to provide her with copies of the couple's joint tax returns without getting permission from Larry Katz. The trial court found the accountant, Mr. Slutsky, lacked credibility also. Had Larry Katz been more forthcoming in his testimony and had he produced documentation for some of his claims, the trial court might have come to a different conclusion for property allocation.

{¶ 21} Larry Katz arranged and ran his financial affairs with the intention to profit from his conduct and/or to defeat Dolly Katz's distribution of marital assets. He was not forthcoming with his financial affairs with his spouse during the marriage, and there was no indication he would be any more forthcoming after the divorce. His testimony lacked credibility, and coupled with the lack of relevant records, his claimed lack of memory, and his unwillingness to share financial information with his spouse, the trial court necessarily found that a cash award was necessary to protect Dolly Katz's share of the marital estate.

{¶ 22} We find that there was competent, credible evidence to support the trial court's decision regarding the character of the property and the decision to make a cash award to Dolly Katz. The trial court took into consideration Larry Katz's pattern of behavior and balanced the equities to obtain a just and equitable result.

{¶ 23} We overrule the first assignment of error.

### *Classification of assets as marital*

{¶ 24} In the second assignment of error, Larry Katz claims that the trial court erred by classifying Trust assets as marital assets. He contends that Dolly Katz had the burden of proof to show that the properties which ostensibly belonged to a third party were marital. However, there was no competent credible evidence that Larry Katz purchased the assets with non-marital funds. There was, however, evidence that Larry Katz purchased the properties during the marriage and entered "Larry Katz Trustee" on the deeds. Entering the word "trustee" on the deeds does not transform the character of

the property. Title does not determine whether property is marital, and a trial court is not bound by the form of the title in distributing property. *DiNunzio v. DiNunzio*, 11th Dist. No. 2005-L-124, 2006-Ohio-3888, ¶ 62.

{¶ 25} Because Larry Katz, either in his role as trustee or individually, exercised complete control over the financial affairs of the marriage, the Trust, and his separate property, he was the only person who could demonstrate that the assets were not purchased with marital funds. He either was unable or unwilling to do so. The trial court had to make a decision based on the information, or lack thereof, before it. The trial court's findings were neither an abuse of discretion nor against the manifest weight of the evidence. The second assignment of error is overruled.

### Single-asset LLCs

{¶ 26} The third assignment of error concerns single-asset LLCs that were transferred to KFT, which ostensibly stood for the Katz Family Trust. Larry claimed that he formed the LLCs and KFT to simplify the number of tax returns he needed to file. The trial court ruled that the assets were marital property with the exception of 13 properties that were found to be Larry Katz's separate property. The evidence showed that the remaining properties other than the 13, were purchased during the marriage, and that Dolly Katz never assigned her interest to a trust. In contrast, Larry Katz continued to use and control the income from the properties. There was no evidence that the LLCs were properly formed, and Larry Katz provided no evidence to show that they were. Larry Katz testified that he had lawyers and accountants to prepare forms, and that if they were supposed to have done so, he assumed they had. Larry Katz argues now that the court could have taken judicial notice of the secretary of state's website to confirm the evidence of the LLCs. The trial court did not have to accept Larry Katz's speculation about the assets. Instead, the greater weight of the evidence showed that Larry Katz treated all the funds as his own. The third assignment of error is overruled.

### Appreciation in Columbus Recycling Company

{¶ 27} In the fourth assignment of error, Larry Katz claims the trial court erred in ordering him to pay Dolly Katz $140,000, representing half of the appreciation in the value of Columbus Recycling Company. This was not an award of half of the value of the business, nor did Larry Katz claim that it was passive growth. The trial court awarded

one-half of the growth in value of the company due to Larry Katz's management. *See* R.C. 3105.171(A)(3)(a)(iii) (" 'Marital property' means * * *: all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage."). The prenuptial agreement did not indicate that Dolly Katz was giving up the value the business increased during the marriage. The fourth assignment of error is overruled.

### *Tax refunds*

{¶ 28} In the fifth assignment of error, Larry Katz contends the trial court erred in ordering him to pay Dolly Katz cash equal to half of the $280,000 capital gain from the sale of Columbus Recycling Company plus half of the 2009 and 2010 federal income tax refunds. The $280,000 from the sale of Columbus Recycling Company was marital as discussed above. The 2009 and 2010 tax refunds were in the possession of Larry Katz who did not explain what he had done with the funds. Therefore, there was no abuse of discretion in the decision of the trial court to divide proceeds equally. The fifth assignment of error is overruled.

### *Allocation of marital liabilities*

{¶ 29} In his sixth assignment of error, Larry Katz asserts that the trial court erred in allocating to him 100 percent of five marital liabilities. These liabilities were as follows:

> Huntington National Bank Commercial Line of Credit $99,999.20 (minus husband's separate liability of $27,027 =($72,972);
>
> Huntington National Bank Personal Line of Credit ($99,793);
>
> Chase credit card ($4,243);
>
> GE credit card ($674.45);
>
> Unpaid medical bills for Dolly Katz ($10,377).

{¶ 30} Larry Katz argues that the divorce decree allocates all of these liabilities to him without any explanation as to why a 50-50 division would be inequitable. These debts were accounted for in the balance sheet prepared by the court, and Larry Katz's cash obligation to Dolly Katz was reduced accordingly. Moreover, Larry Katz ran the balance

up on the line of credit while the parties were separated. The sixth assignment of error is overruled.

{¶ 31} In the seventh assignment of error, Larry Katz takes issue with the trial court's allocation of tax liabilities and tax refunds for 2009 and 2010. As discussed in connection with assignment of error No. 5, Larry Katz controlled the funds and could not account for what he did with them. Tax refunds are marital property. *Logan v. Logan* 10th Dist. No. 03AP-225, 2003-Ohio-6559, ¶ 23. Furthermore, Dolly Katz did not receive a distribution of $367,000 of K-1 income in 2010, funds Larry Katz claimed he distributed. The seventh assignment of error is overruled.

### *Spousal Support*

{¶ 32} Assignments of error No. 8, 9, and 10 concern spousal support. The trial court awarded spousal support in the amount of $5,300 per month for an indefinite duration. The trial court retained jurisdiction to modify the amount of spousal support. The trial court ordered that Larry Katz's completion or failure to complete the property equalization may be considered a change in circumstances to modify spousal support. This court reviews spousal support orders under an abuse of discretion standard, and the trial court is afforded wide latitude in deciding spousal support issues. *Wilkinson v. Wilkinson*, 10th Dist. No. 13AP-73, 2013-Ohio-3627, ¶ 4.

{¶ 33} Larry Katz asserts the trial court erred in calculating support based on the income produced by assets the decree orders Larry Katz to sell. As discussed in connection with assignment of error No. 1, nothing in the decree requires him to liquidate property. Larry Katz also disagrees with the trial court's finding that imputes zero income to Dolly Katz.

{¶ 34} There was ample evidence from which the trial court determined Dolly Katz's earning potential. At the time of trial, Dolly Katz had not been employed outside the home for 26 years. She was 63 years old, and had only a high school education. She had a number of health problems. Even Larry Katz's expert had to acknowledge that her earning potential would be significantly reduced due to these factors. We find no abuse of discretion in the trial court's determination. The eighth, ninth, and tenth assignments of error are overruled.

### *Attorney fees*

{¶ 35} Assignment of error eleven concerns the trial court's order for Larry Katz to pay a part of Dolly Katz's attorney fees in the amount of $30,000. "In an action for divorce * * * a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(A). In *Wilkinson* at ¶ 14, this court stated as follows:

> " 'In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.' " R.C. 3105.73(A). "An award of attorney fees is generally within the sound discretion of the trial court and not to be overturned absent an abuse of discretion." *Wagenbrenner v. Wagenbrenner*, 10th Dist. No. 10AP−933, 2011−Ohio−2811, ¶ 19, citing *Shirvani v. Momeni*, 10th Dist. No. 09AP−791, 2010-Ohio-2975, ¶ 22.

{¶ 36} Larry Katz paid all of his attorney fees using marital funds. Larry Katz's own actions were the cause of a significant increase in the amount of time Dolly Katz's attorney had to bill. The trial court was dealing with a complicated financial situation exacerbated by Larry Katz's convoluted pattern of transferring money between bank accounts that only he had access to. The trial court was well within its discretion in its resolution of attorney fees. The eleventh assignment of error is overruled.

### Cross Appeal

{¶ 37} Turning to the cross appeal, Dolly Katz disagrees with the trial court awarding five rental properties as non-marital assets because she asserts that Larry Katz only traced a small portion of the assets to a non-marital source. She asserts that there is insufficient evidence to support the finding that these five properties are not marital assets.

{¶ 38} Larry Katz concedes that one of the properties, 7536 Tillman should have been classified as marital property.

{¶ 39} There was sufficient evidence to show that the other four properties were not marital. When Larry Katz sold Columbus Recycling Company for $1.03 million, he created Assured Holdings LLC to hold the money from the sale of the company. Larry Katz, Stephen Katz, and Joshua Katz were the members of the LLC. Larry Katz testified

that Assured Holdings purchased the assets, and there was documentary evidence in the form of sheriff's office receipts and bank receipts.

{¶ 40} The first cross-assignment of error is sustained in part and overruled in part.

{¶ 41} In the second cross-assignment of error, Dolly Katz asserts that the trial court erred in failing to make a distributive award because of Larry Katz's efforts to manipulate assets, conceal income, withhold information and otherwise prevent Dolly Katz from receiving her share of the marital assets.

{¶ 42} Counsel for Dolly Katz acknowledges that the trial court did not "for the most part" allow Larry Katz to avoid an equitable division of property by his misconduct. Cross-appellant Dolly Katz brief, at 28. Should the share of the property allocated to Dolly Katz not be disturbed on appeal, she requests that she should only be compensated for the difficulty and expense of ascertaining the assets and debts due to Larry Katz's misconduct.

{¶ 43} A distributive award is authorized by R.C. 3105.17(E). R.C. 3105.171(E)(4) states:

> If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, nondisclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.

{¶ 44} In the usual case, the offending spouse will either profit from the misconduct or intentionally defeat the other spouse's distribution of marital assets. *Taub* at ¶ 33, citing *Mantle v. Sterry*, 10th Dist. No. 02AP-286, 2003-Ohio-6058, ¶ 32.

{¶ 45} Here, the trial court did not abuse its discretion in not making a distributive award. The property division was equitable, and we are not disturbing that award on appeal. Even though Larry Katz caused additional difficulty and expense in ascertaining assets and debts, he was ordered to pay Dolly Katz's attorney fees. The second cross-assignment of error is overruled.

{¶ 46} Based on the foregoing, Larry Katz's eleven assignments of error are overruled, Dolly Katz's first cross-assignment of error is sustained in part and overruled in part, her second cross-assignment of error is overruled, and Larry Katz as Trustee's sole

assignment of error is overruled.  The trial court's decision and judgment entry/decree of divorce is affirmed in part and reversed in part.  The case is remanded for further proceedings to modify the property division as a result of 7536 Tillman being marital property.  The trial court shall make such other changes in property division and spousal support as are consistent with that modification.

*Judgment affirmed in part and reversed in part; case remanded with instructions.*

SADLER, P.J., and CONNOR, J., concur.