OPINION
{¶ 1} This is an appeal from a decision of the Guernsey County Common Pleas Court which granted unsupervised visitation to Appellee, father of Vanessa Jackson, D.O.B. 3/1/96.
 STATEMENT OF FACTS {¶ 2} In the divorce of the parties on October 1, 2001, Appellant was given custody of Vanessa, sole child of the marriage. Appellee was granted standard visitation on weekends.
 {¶ 3} Allegations of bruising and fondling of Vanessa by Appellee were reported to Guernsey County Children Services, which investigated and recommended supervised visitation, which the Court thereafter ordered. Even though supervised visitation occurred at the Burger King restaurant and at Children's Services, additional fondling was claimed to have taken place at such locations.
 {¶ 4} No criminal charges were filed relative to the assertions made as to the improper conduct of Appellee.
 {¶ 5} As a result of the allegations of improper contact, Vanessa received counseling from Six-County, Inc.
 {¶ 6} Appellant filed a motion to suspend visitation with Appellee or require continued supervision of visitation on January 9, 2003.
 {¶ 7} Appellant also requested an in-camera interview with the child, which took place on January 27, 2003.
 {¶ 8} During the evidentiary hearing, the Court received recommendations of continued supervision by professionals who had been involved with Vanessa.
 {¶ 9} After the in-camera interview and hearing, the Court issued findings of fact and conclusions of law and issued the following order:
 {¶ 10} "1) Mother's Motion to suspend or require supervised visitations between the Father and minor daughter is hereby DENIED.
 {¶ 11} "2) "Phase-In" period of the Father's visitation/companionship rights under the Standard Order Of Visitation of this Court is hereby ORDERED.
 {¶ 12} "A) The Father will continue to meet with Betsy Coughenour at Cambridge Counseling Center for his visitations with his daughter for a period of two (2) additional visitations. On each visit, the Father will be permitted to take the daughter with him to a public place to get something to eat (such as an ice cream cone) or go shopping with his daughter at a local store (i.e., Wal-Mart) and then return the daughter to Betsy Coughenour's office.
 {¶ 13} "B) Following those two visits, Father shall have the right to have the daughter accompany him for one (1)-day visitations at his residence. These one-day visitations at the residence shall occur for two visitation periods and shall be without overnight visitations.
 {¶ 14} "C) Thereafter, the Father shall be restored to full visitation rights under this Court's Standard Order of Visitation.
 {¶ 15} "3) The Court hereby specifically MODIFIES its Standard Order of Visitation (which permits a 2-week period of visitation during the summer/non-school months) as follows: The Father's 2-week period of summer visitations with his daughter shall recommence in the summer (non-school months) of the year 2004."
 {¶ 16} Appellant then initiated this appeal with the following Assignment of Error:
 {¶ 17} "The trial court abused its discretion in granting unsupervised visitation with daughter by father."
 {¶ 18} In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 19} While we agree with Appellant that R.C. 3109.04(E)(1)(a) controls modification of the decree allocating parental rights and responsibilities, such statute is inapplicable to this appeal.
 {¶ 20} The Assignment of Error is addressed solely to the decision of the court to permit unsupervised visitation by Appellee, not to the modification of the agreed parental visitation in the decree. This issue is whether the best interests of the child warranted restrictions as to Appellee's visitation by way of supervision.
 {¶ 21} While it is true, as stated, that the professionals recommended supervised visitation, the court is free to accept or reject, in whole or in part, the testimony or opinions of any witness, whether accepted as an expert or not and determine the weight and credibility to be given thereto. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 22} The Ohio Supreme Court has held:
 {¶ 23} "A common pleas court, entering order concerning custody of child under 10 years old in divorce action between parents thereof, has continuing jurisdiction respecting child's custody and discretionary power to modify such order to extent determined by court to be for child's best interest, including change of custody from one parent to the other, if conditions change after entry of original order." Trickey v. Trickey
(1952), 158 Ohio St. 9.
 {¶ 24} In appeal on law questions, Court of Appeals cannot substitute its judgment for that of trial court on fact questions.
 {¶ 25} We, therefore, fail to find an abuse of discretion and affirm the decision of the trial court. Appellant's sole assignment of error is overruled.
Hoffman, P.J., and Wise, J., concurs.