{¶ 20} The assignment of error does not challenge the trial court's decision as to the children's best interests, nor does it challenge any aspect of the trial court's order regarding custody and parenting time. Rather, the narrow issue presented by the assignment of error is whether the trial court erred in rejecting Dr. Smalldon's opinion that appellee suffers from a "psychotic disorder not otherwise specified."
 {¶ 21} It is clear from the reasons stated in its decision and entry that the court carefully considered and weighed the testimony of all of the witnesses at the three-day trial, including Dr. Smalldon, in making findings regarding each statutory best-interest factor, including the mental health of the parties. "[T]he court is free to accept or reject, in whole or in part, the testimony or opinions of any witness, whether accepted as an expert or not and determine the weight and credibility to be given thereto." Jackson v.Jackson, 5th Dist. No. 03-CA-17, 2004-Ohio-816,2004 WL 330083, ¶ 21, citing State v. DeHass (1967),10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus ("On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts"); see also Arena v. Arena (Sept. 29, 1995), 10th Dist. No. 94APF09-1338, 1995 WL 571429. Accordingly, the trial court was within its discretion as the fact-finder to reject Dr. Smalldon's opinion that appellee suffers from a particular mental illness. *Page 845 
 {¶ 22} For the reasons stated above, I concur in overruling the single assignment of error.
 *Page 1