[Cite as *Goebel v. Goebel*, 2015-Ohio-5547.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Stacy Goebel,                                     :

     Plaintiff-Appellee,                       :

                                              No. 15AP-61

v.                                                :       (C.P.C. No. 13DR-0867)

Michael J. Goebel,                                :       (REGULAR CALENDAR)

     Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on December 31, 2015

---

*Capital University Family Advocacy Clinic,* and *Elizabeth O'Leary,* for appellee.

*Cordell and Cordell,* and *Cassie L. Screngi,* for appellant.

---

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

HORTON, J.

{¶ 1} Defendant-appellant, Michael Goebel, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting a divorce to him and plaintiff-appellee, Stacy Goebel. The court awarded Stacy Goebel spousal support and the tax dependency exemption for the parties' minor child. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Michael Goebel and Stacy Goebel were married on December 15, 1989. Three children were born as issue of the marriage. The two oldest children have been emancipated for the entirety of these proceedings. The youngest child was a minor at the beginning of these proceedings and has since been emancipated, but is subject to the divorce.

{¶ 3} Stacy Goebel filed a complaint for divorce on March 11, 2013. During the marriage, the parties created the Sons of Armageddon Motorcycle Club ("SOAMC"), a

charity, and leased property in their respective names as well as in SOAMC's. (Feb. 5, 2015 Trial Court Decision, 2.)  When the parties' marital residence was foreclosed upon, they moved onto the SOAMC property in Lancaster, Ohio.  This property included both the parties' new marital residence as well as an "in law suite" which acted as SOAMC's clubhouse. (Feb. 5, 2015 Trial Court Decision, 2.)  Before the parties separated, Stacy Goebel was the acting secretary and treasurer of SOAMC.  However, following the separation, Stacy Goebel was frozen out of all business accounts associated with SOAMC.

{¶ 4}  Initially, both parties were represented by counsel in the matter.  However, after several disputes with counsel over strategy and payment, Michael Goebel proceeded to trial pro se.  (Aug. 28, 2014 Tr., 4.)  The trial court accurately detailed the procedural history of the matter as follows:

> Despite being represented by counsel during a portion of this case, Michael failed to fully respond to Stacy's discovery requests.  Specifically, he did not provide any information regarding SOAMC's income and failed to identify any potential witnesses. Stacy, through her attorney, filed motions to compel and for contempt and Michael was to respond and supplement his discovery responses by a date certain, which he failed to do.  The court granted Stacy's Motion in Limine and Michael was prohibited from introducing any evidence or testimony from witnesses regarding income, debts, assets, and from introducing any witness testimony and any exhibits.

(Feb. 5, 2015 Trial Court Decision, 2-3.)

{¶ 5}  A trial in the matter was held on August 28 and September 18, 2014, following which the trial court granted the parties a divorce.  The parties' assets and liabilities were divided based on the testimony of each party and the evidence that Stacy Goebel presented.  Stacy Goebel was also granted spousal support, as well as the right to receive the tax dependency exemption for the parties' minor child for the 2013, 2014, and 2015 tax years.

## II. ASSIGNMENTS OF ERROR

{¶ 6}  Michael Goebel brings four assignments of error for our consideration:

[I.]    The Trial Court Inequitably Divided the Assets and Liabilities in this Matter to the Detriment of Appellant.

[II.]    The Trial Court Did Not Distinguish Between Marital Assets and Business Assets to the Detriment of Appellant.

> [III.]  It Was An Abuse of Discretion for Appellee to Be the Recipient of Spousal Support As Her Income Is Equal to, Or Higher Than, Appellant's Income.
>
> [IV.]  It Is Punitive to Award Appellee The Income Tax Exemption for 2013, 2014 and 2015 For the Minor Child.

## III. STANDARD OF REVIEW

{¶ 7}  The division of marital property shall be equal unless such a division be inequitable.  R.C. 3105.171(C)(1).  The trial court has broad discretion in determining property division, but equal distribution should be the starting point of the analysis.  *Cherry v. Cherry*, 66 Ohio St.2d 348, 353 (1981), syllabus.  The mere fact that a property division is unequal does not, standing alone, amount to an abuse of discretion.  *Id.*  The court is required to consider net tax savings to the parties and give reasoning in allocating the dependency exemption when the parties do not agree which parent may claim the children as dependents.  R.C. 3119.82; *Poling v. Poling*, 10th Dist. No. 13AP-189, 2013-Ohio-5141.  A trial court also has broad discretion in determining whether to award spousal support.  *Bechtol v. Bechtol*, 49 Ohio St.3d 21 (1990).  Moreover, the decision to impute income for purposes of spousal support is also within the discretion of the trial court.  *Havanec v. Havanec*, 10th Dist. No. 08AP-465, 2008-Ohio-6966, ¶ 23, citing *Nichols v. Nichols*, 9th Dist. No. 19308 (Dec. 29, 1999).

{¶ 8}  A reviewing court may modify or reverse a property division if it finds that the trial court abused its discretion in dividing the property.  *Katz v. Katz*, 10th Dist. No. 13AP-409, 2014-Ohio-1255, ¶ 16, citing *Cherry* at 355.  Similarly, a trial court's decision to award one party spousal support is also subject to review using an abuse of discretion standard.  *Rodehaver v. Rodehaver*, 10th Dist. No. 08AP-590, 2009-Ohio-329, ¶ 11.  This court also reviews matters of awarding tax dependency exemptions using an abuse of discretion standard.  *Poling* at ¶ 37.  "The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. FIRST AND SECOND ASSIGNMENTS OF ERROR–DIVISION OF MARITAL ASSETS AND LIABILITIES

{¶ 9}  Michael Goebel's first and second assignments of error both relate to the division of marital property.  As such, we will discuss them together.

{¶ 10} In his first assignment of error, Michael Goebel makes several arguments alleging an inequitable division of the marital estate on the part of the trial court. The division of marital assets and liabilities in divorce proceedings are subject to R.C. 3105.171. "In divorce proceedings, the court shall * * * determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital property and separate property equitably between the spouses, in accordance with this section." R.C. 3105.171(B). The trial court is not required to make an equal division of the marital estate, so long as the division is equitable. *See Cherry* at paragraphs one and two of the syllabus. Upon review, it is clear that the trial court made an equitable division of the marital property.

{¶ 11} According to Michael Goebel, the trial court failed to make an equitable division of property for three reasons. Michael Goebel first argues that the trial court used arbitrary values for the parties' household goods and furnishings that were not supported by credible evidence. Because of his failure to cooperate during discovery, Michael Goebel was prohibited from introducing any evidence as to the value of household goods and furnishings, other than his own testimony. This court has previously held that when a party fails to provide the court with evidence as to the value of an item, the party has waived the right to appeal with regard to that asset. *Roberts v. Robert*s, 10th Dist. No. 08AP-27, 2008-Ohio-6121, ¶ 21. The court in *Roberts* went on to state that "if a party fails to present sufficient evidence of valuation, that party has presumptively waived the right to appeal the distribution of those assets because the trial court can only make decisions based on the evidence presented and is not required to order submission of additional evidence." *Id.* at ¶ 22, citing *Hruby v. Hruby*, 7th Dist. No. 93-C-9 (June 11, 1997). "If a party elects to be less than forthcoming in the presentation of evidence, we believe he has the right to do so. * * * While this may be a kind of trial strategy, it is not and cannot be grounds for an appeal." *Walls v. Walls*, 4th Dist. No. 94 CA 849 (May 4, 1995).

{¶ 12} In the present action, Stacy Goebel testified to the value of household items in Michael Goebel's possession based on "an estimated fair market value for those items." (Sep. 18, 2014 Tr., 25.) These figures were also presented to the court as part of Stacy Goebel's trial exhibits. By failing to comply with discovery requests, Michael Goebel was prohibited from introducing evidence. This alone is enough to constitute waiver of the

right to appeal with regard to the value of household items. However, even if Michael Goebel has not waived his right to appeal the issue, the trial court still acted in a manner supported by the testimony of the two parties. Stacy Goebel went through each item in Michael Goebel's possession, assigning each a value. Michael Goebel on the other hand, simply testified that all of the items were old and all together worth much less or had no value. (Sep. 18, 2014 Tr., 117.) The trial court found Stacy Goebel to be more credible and adopted Stacy Goebel's values of the parties' household goods. Under either analysis, Michael Goebel's argument lacks merit and is not well taken.

{¶ 13} Michael Goebel next alleges that the trial court improperly awarded Stacy Goebel the parties' 2006 Jeep Wrangler, the vehicle used by Michael Goebel to transport the parties' minor child to and from school. Before making any division of marital property, the trial court must consider all of the factors enumerated in R.C. 3105.171(F). However, our analysis cannot be focused on one asset solely and we must consider whether it was error to award Stacy Goebel the Jeep Wrangler with regard to the trial court's division of the entire marital estate. *See Cherry*.

{¶ 14} The trial court awarded the Jeep Wrangler to Stacy Goebel after she provided testimony that Michael Goebel took the jeep from her in the middle of the night. (Aug. 28, 2014 Tr., 98.) Michael Goebel then allegedly hid the car from Stacy Goebel, which forced her to purchase a new vehicle with a 23 percent interest rate. (Sep. 18, 2014 Tr., 38.) Stacy Goebel testified that prior to Michael Goebel taking possession of the Jeep Wrangler, she had very few payments remaining on the vehicle. (Sep. 18, 2014 Tr., 30-32.) Stacy Goebel also testified that despite Michael Goebel's assertions that the jeep was the only vehicle capable of transporting the parties' minor child to and from school, the child had the option to ride the bus, and Michael Goebel also had in his possession a 2008 Harley Davidson motorcycle, as well as a 1999 Chevy Crew Cab pickup truck.

{¶ 15} The trial court awarded Stacy Goebel the Jeep Wrangler, so she could sell it to help pay off the loan required for her to purchase the 2008 Dodge Caliber she needed after Michael Goebel initially took the jeep. Michael Goebel was awarded the Chevy Crew Cab pickup truck, which he claims does not run, as well as his 2008 Harley Davidson motorcycle. When examining the division of the marital vehicles in relation to the comprehensive division of the marital estate, it is clear that the trial court did not abuse its discretion. Michael Goebel has failed to show that the trial court's division of the

marital vehicles was inequitable under the circumstances. Trial courts are awarded broad discretion in the division of marital assets and liabilities. *Young v. Young*, 10th Dist. No. 12AP-854, 2013-Ohio-2568, ¶ 4, citing *Cherry*. The trial court relied on sound legal reasoning in making its division. This certainly is not error. Michael Goebel's second alleged flaw in the trial court's division of marital property is meritless.

{¶ 16} Michael Goebel's final perceived error with the division of marital property asserts that the trial court's division was wholly inequitable. Michael Goebel claims that after the division of the marital estate, he was assigned 98 percent of the parties' debts and the trial court's division of property was therefore inequitable. We disagree.

{¶ 17} In the division of the marital estate, Michael Goebel was assigned the remaining deficiency after the parties' Reynoldsburg property was foreclosed upon. Michael Goebel was assigned this responsibility in exchange for him receiving sole possession of the marital business, SOAMC. (Feb. 5, 2015 Trial Court Decision, 2-3.) The remaining deficiency on the property was approximately $41,343 owed to Select Portfolio Services. It is with this assignment that Michael Goebel takes issue.

{¶ 18} We find no error in the trial court's sole allocation to Michael Goebel. Michael Goebel was assigned the deficiency judgment as an offset to Michael Goebel receiving the SOAMC. The offset of these two items is well within the discretion of the trial court. Michael Goebel's third argument fails. Having determined that Michael Goebel's three arguments all lack merit, Michael Goebel's first assignment of error is overruled.

{¶ 19} In his second assignment of error, Michael Goebel alleges that the trial court failed to distinguish between items that were marital assets and items that were business assets of SOAMC. More specifically, Michael Goebel claims that the trial court failed to recognize that the parties' Baby Lock Embroidery Machine is property of SOAMC, and Stacy Goebel's valuation of the machine negatively affected the value of SOAMC. We disagree.

{¶ 20} When dividing marital property pursuant to R.C. 3105.171, the court should "assign a value to at least the major marital assets." *Franklin v. Franklin*, 10th Dist. No. 11AP-713, 2012-Ohio-1814, ¶ 5. Michael Goebel contends that neither the SOAMC, nor the Baby Lock Embroidery Machine is marital property. The SOAMC is clearly a marital asset. The club was founded in 2010 by both parties and operated by both parties until

their separation. Michael Goebel contends that the Baby Lock Embroidery Machine is owned by his parents. We disagree. It is undisputed that Michael Goebel's parents provided the parties with the funds to purchase the embroidery machine. (Feb. 5, 2015 Trial Court Decision, 9.) Michael Goebel contends that this money was a loan and his parents are therefore the owners of the embroidery machine, however, the record does not support such a claim. Stacy Goebel testified that Michael Goebel's parents had many numerous monetary donations to the parties, which had never been repaid, or expected to be repaid. (Aug. 28, 2014 Tr., 91.) Furthermore, Michael Goebel's parents have never used the machine and currently live three hours away from where the machine is kept. In light of the facts presented to the court, it was well within the discretion of the trial court to determine that the Baby Lock Embroidery Machine was an asset of the marital business—the SOAMC.

{¶ 21} After concluding that the SOAMC was a marital asset, the trial court needed to assign it a value in accordance with R.C. 3105.171. Having very little evidence presented, the trial court valued the SOAMC to the best of its ability. The court determined that the only discernable asset of the club is the Baby Lock Embroidery Machine. Stacy Goebel presented evidence that the embroidery machine was purchased for $15,903. Stacy Goebel also testified that she found used Baby Lock Embroidery Machines online for approximately $10,000. Michael Goebel did not offer a value for the machine. The court adopted Stacy Goebel's value of the embroidery machine, and was well within its discretion to do so. Additionally, the court incorporated SOAMC's balance of the PayPal account of $1,259.25 into the club's value. The court then subtracted the amount of $819.49, an outstanding club debt owed to Ares Sportswear, to arrive at a total value for SOAMC of $10,439.76. (Feb. 5, 2015 Trial Court Decision, 10.) Given the limited testimony and evidence presented to the trial court, we cannot say there was an abuse of discretion in the valuation of SOAMC as a marital asset. In light of the above analysis, Michael Goebel's second assignment of error is overruled.

## V. THIRD ASSIGNMENT OF ERROR—SPOUSAL SUPPORT

{¶ 22} Michael Goebel's third assignment of error argues that the trial court erred in awarding Stacy Goebel spousal support in the amount of $1,700 per month. Michael Goebel argues that the trial court (1) improperly calculated the "income of the parties, from all sources," (2) computed Michael Goebel's income in a manner that was "arbitrary

and plain wrong," and (3) failed to recognize that Stacy Goebel was cohabitating with someone when the court issued the decree of divorce. (Appellant's Brief, 24, 26.) We disagree with all three of Michael Goebel's arguments and will address them separately.

{¶ 23} Michael Goebel disputes the trial court finding that his income is currently $60,000—$75,000 annually. R.C. 3105.18(B) authorizes the trial court in a divorce proceeding to award reasonable spousal support to either party. However, before awarding spousal support to either party, the trial court must consider all of the factors enumerated in R.C. 3105.18(C). Michael Goebel's first alleged error with the trial court's award of spousal support to Stacy Goebel is that the court failed to consider the "income of the parties, from all sources." R.C 3105.18(C)(1)(a).

{¶ 24} The trial court made a finding that Michael Goebel has an income of approximately $61,548 per year. The trial court reached this number, in part, based on the testimony of Stacy Goebel. Stacy Goebel testified that the SOAMC had an income of $35,000 in its PayPal account, another $25,000 in cash and checks to the club, and finally that Michael Goebel also receives $1,548 annually in Veteran's Disability. These three sources of income together are what the trial court used to reach the value given to Michael Goebel's annual income. (Feb. 5, 2015 Trial Court Decision, 16.) The only other evidence presented regarding Michael Goebel's income was a Facebook post written by Michael Goebel stating:

> [I]ncome is a ruse
>
> Take me I work for my club and my club pays all my business expences [sic] I use everything my business pays for and my income is nothing my business grooses [sic] 70-90 a year
>
> 70k-90k
>
> My taxable income on 15% capital gains on 1k after everything is paid the profits are 1k
>
> wow huh
>
> Is it fair no is it legal yes
>
> If I got profit well shit I will go buy a plane and rack up more expences [sic]
>
> woo hoo right?

would it not be better for me to pay 11% on everything I buy

the system is blinding people to believe get a good job and retire right?...

I ade [sic] 1k this week and I am sick as a dog....

years prior to my business I payed [sic] 30-35% In taxes

now hahahaha last year I paid next to nothing

Its not right but its just like a 401k...

It don't matter what or how profitable as long as you spend what you make before it gets counted as captial [sic] gains

and your tax rate is nothing...

unless the system changes I will never take a job ever again... paycheck go away knowlage [sic] stays forever

then take what you learn and start a business that works for you.

And work It till the day you die cuz your work days will keep getting shorter

Sorry I rant

the system sucks so you wanna sin or not?

thats [sic] what I asked myself

(Sic passim.) (Feb. 5, 2015 Trial Court Decision, 16-17.)

{¶ 25} Based on Stacy Goebel's testimony and Michael Goebel's Facebook statement, the trial court made a determination regarding Michael Goebel's annual income. Again, Michael Goebel did not provide any evidence contrary to what Stacy Goebel provided. Michael Goebel vehemently denies that his current income is $61,548 and argues that it is closer to $15,000 - $45,000 annually. However, when given the opportunity to testify to what he claimed as business income on SOAMC's 2013 taxes, Michael Goebel refused to testify. (Sep. 18, 2014 Tr., 149-50.) Michael Goebel is not afforded the opportunity to withhold information from the court and then assign error on

appeal when the court draws sound legal conclusions based on the evidence that was provided. Accordingly, Michael Goebel's first argument is without merit.

{¶ 26} Michael Goebel next argues that the trial court acted arbitrarily and was "plain wrong" in determining Michael Goebel's income to be approximately $70,000 annually when Michael Goebel does not have the ability to work at a level required to make such an income. This argument relies heavily on the fact that Michael Goebel is allegedly disabled, and that SOAMC does not have the capability of earning at least $60,000 annually. We agree with the trial court, however, that SOAMC does have the capability of earning at least $60,000 annually. There is credible evidence and testimony that Michael Goebel's earning ability is consistent with the trial court's evaluation. We reject Michael Goebel's second argument.

{¶ 27} Finally, Michael Goebel asserts that it was improper for the trial court to grant Stacy Goebel spousal support because at the time of the hearing she was living with a paramour. Michael Goebel's assertions are utterly baseless and lack support by even a scintilla of evidence in the record.

{¶ 28} Stacy Goebel was awarded spousal support of $1,700 per month terminable upon the death of either party, Stacy Goebel's remarriage, or if Stacy Goebel lives in a marital relationship with another person for more than eighteen months, whichever first occurs. (Feb. 5, 2015 Trial Court Decision, 24.) Michael Goebel alleges, without any evidence to support his claim, that Stacy Goebel has been living in a marital relationship for well longer than two years, and it was plain error on the part of the trial court to not recognize that fact. However, as Stacy Goebel states in her brief, the alleged paramour she was residing with at the time of the hearing was her father. (Aug. 28, 2014 Tr., 58.) Living with a parent is not the marital relationship described in the Decree of Divorce. Therefore, the trial court was proper in awarding Stacy Goebel spousal support, despite Michael Goebel's allegations. For the reasons set forth above, Michael Goebel's third assignment of error is overruled.

## VI. FOURTH ASSIGNMENT OF ERROR—MINOR CHILD TAX CREDIT

{¶ 29} In his fourth assignment of error, Michael Goebel argues that the trial court punitively awarded Stacy Goebel the minor child tax exemption for the years 2013, 2014, and 2015. Michael Goebel reaches this conclusion by using income tax figures wholly unsupported by the record, and we ultimately disagree with Michael Goebel's logic.

{¶ 30} R.C. 3119.82 enumerates a trial court's ability to designate one parent as the party entitled to claim federal tax deductions for minor children and states in pertinent part:

> [T]he court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents.

R.C. 3119.82.  Beyond these basic requirements, the statute establishes relevant factors that must be considered by the trial court before a tax dependency exemption may be awarded to either party.  "[T]he court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."  R.C. 3119.82.

{¶ 31} Our review finds no abuse by the trial court in awarding Stacy Goebel the tax dependency exemption for 2013, 2014, and 2015.  In its journalized entry, the trial court stated:

> In shared parenting cases both parties are, in essence, a residential parent of the minor child, and the trial court must allocate the tax dependency exemption based on the child's best interest. *Hall v. Hall*, 3rd Dist. No. 6-10-01, 2010 Ohio 4818, 2010 Ohio App. LEXIS 4096, ¶49. Stacy has a great need for the tax dependency exemption and Michael has a history of not filing an income tax return, and of claiming minimal income. His Facebook statements indicate he will continue to minimize any tax obligation by alleging large business expenses. While the court acknowledges the parties' son spends little time with Stacy, she is subject to cash medical support and in these specific circumstances, it is appropriate to award her the exemption in order to maximize the funds available to both parents. * * * Stacy will struggle to provide a home for herself and her son when he chooses to visit, and will have difficulty paying for transportation to see David * * *. Therefore, Stacy shall be entitled to claim the parties' minor child for all income tax purposes on all local, state, and federal taxes from 2013, 2014, and 2015 tax years.

(Feb. 5, 2015 Trial Court Decision, 32.) The trial court clearly made all necessary findings under R.C. 3139.82 before awarding Stacy Goebel the tax exemption. Michael Goebel's arguments that he will incur a tax liability and that awarding Stacy Goebel the tax exemption will take money out of the child's home are unfounded and lack support from the record. The trial court was well within its discretion to award the tax exemption to Stacy Goebel. Accordingly, Michael Goebel's fourth assignment of error is overruled.

## VII. DISPOSITION

{¶ 32} Having overruled Michael Goebel's four of assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

————————————