[Cite as *Pallone v. Pallone*, 2017-Ohio-9324.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Denise Pallone, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-409 |
| | | (C.P.C. No. 05DR-3266) |
| Roman Pallone, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2017

**On brief:** *Roman J. Pallone*, pro se. **Argued:** *Roman Pallone.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

TYACK, P.J.

{¶ 1} Defendant-appellant, Roman Pallone, appeals from numerous rulings and orders involving post-decree issues in his divorce case. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND CASE HISTORY

{¶ 2} The parties Roman and Denise Pallone were married on June 7, 1997 and had three children born during their marriage. On January 27, 2006, the parties filed an agreed judgment entry decree of divorce and an agreed shared parenting plan/decree. On March 21, 2013, Denise Pallone moved for termination or modification of the shared parenting plan and filed a motion for contempt, alleging Roman failed to abide by the terms of the agreed entries.

{¶ 3} On May 16, 2013, Roman filed a motion to dismiss Denise's motion for contempt. On May 24, 2013, Roman filed a motion to dismiss Denise's motion for

termination or modification of the agreed shared parenting plan.  On October 21, 2013, Roman filed a motion for contempt, alleging that Denise had failed to comply with the agreed entries.  On February 13, 2014, Roman filed a motion to attribute affirmative responses.  On April 22, 2014, Roman filed a motion to compel discovery, a motion to interview the children, and a motion to appoint an attorney advocate for the children.  On April 23, 2014, Roman filed an amended motion for contempt.

{¶ 4}  The trial court's magistrate held hearings on the matter for more than 10 days in April, May, and June 2014.  On February 6, 2015, the magistrate filed a decision which the trial court adopted on the same day.  On April 1, 2015, Roman filed 35 objections to the magistrate's decision. Roman filed a motion for a transcript at public expense, asserting he was unable to afford the cost.  On April 2, 2015, the trial court denied Roman's motion for transcript at public expense.  On April 9, 2015, Roman filed a motion for alternatives to transcript.  On April 10, 2015, Denise filed a memorandum contra to Roman's objections.  Also on April 10, 2015, the trial court filed Roman's affidavit of indigency which was signed by Roman on April 1, 2015.

{¶ 5}  On May 1, 2015, the trial court filed a judgment entry denying Roman's April 9, 2015 motion for alternatives to transcript.  On June 2, 2015, Roman filed a motion for reconsideration of the trial court's May 1, 2015 decision.  On June 10, 2015, Denise filed a motion to enforce jail sentence, asserting that Roman had failed to purge the finding of contempt entered in the magistrate's February 6, 2015 decision.

{¶ 6}  On June 11, 2015, Roman filed a motion for an extension of time to supplement his objections to the magistrate's decision.  On July 1, 2015, the trial court granted Roman's June 11, 2015 motion.  On the same date, the trial court filed a judgment entry denying Roman's June 2, 2015 motion for reconsideration.  On July 17, 2015, the trial court filed a decision and entry denying Roman's objections to the magistrate's decision for failure to file a complete transcript.  Roman appealed this decision and entry to this court on August 17, 2015.

{¶ 7}  On September 29, 2016, we remanded the case to the trial court to determine whether Roman's affidavit of indigency is credible.  We also ordered that the trial court must review the partial transcripts submitted by Roman and determine whether the portions of the transcripts, in addition to any other material submitted by

Roman, pursuant to Civ.R. 53(D)(3)(b)(iii), are sufficient for the court to resolve Roman's objections.

{¶ 8} On May 4, 2017, the trial court's decision and entry denied and dismissed all of Roman's 35 objections to the magistrate's decision with the exception that one objection was found moot, one was voluntarily withdrawn, and one was granted in part and denied in part. The trial court thoroughly considered each and every factor inherent in the magistrate's decision to award Denise sole custody of the minor children, and concurred with the magistrate's decision to terminate the parties' shared parenting plan. (May 4, 2017 Decision and Entry at 34.) The trial court found that Denise is better suited to serve as the residential parent and legal custodian of the children. *Id.* Roman timely appealed the trial court's May 4, 2017 decision and entry.

## II. ASSIGNMENTS OF ERROR AND STANDARD OF APPELLATE REVIEW

{¶ 9} Roman Pallone has assigned 20 errors for our consideration:

[I.] The trial court erred in denying Roman's motions dated February 13, 2014 and April 22, 2014 with regard to Requests for Admission.

[II.] The trial court erred in its handling of Roman's April 22, 2014 Motion to Compel Discovery with regard to Interrogatories.

[III.] The trial court erred in its denial of Roman's Motion to Dismiss and in not enforcing the mediation requirement of the parties' 2006 Agreed Shared Parenting Plan.

[IV.] The trial court erred in its decision to appoint a new GAL when the original GAL was still assigned and available to continue.

[V.] The trial court erred in denying Roman's Motion to Appoint an Attorney Advocate for the children.

[VI.] The trial court erred in finding that the guardian ad litem completed her investigation pursuant to the local rules and rules of superintendence.

[VII.] The trial court erred in its reliance upon the guardian ad litem's recitation of her investigation and interviews, as well as her opinion, in determining its decision.

[VIII.] The trial court erred in excluding from evidence two of Roman's voicemail recordings and an email.

[IX.] The trial court erred in not finding that Denise has continuously or willfully denied Roman parenting time.

[X.] The trial court erred in finding that the right of first refusal is vague and not in the best interest of the children.

[XI.] The trial court erred in finding no evidence to the amount of parenting time Appellant was denied under the right of first refusal.

[XII.] The trial court erred in not finding that Roman is the more likely parent to honor and facilitate court-approved parenting time rights or visitation and companionship rights.

[XIII.] The trial court erred in finding that Denise is able to encourage the sharing of love, affection and contact between the children and Roman and that she did not interfere with their relationship.

[XIV.] The trial court erred in its custody determination.

[XV.] The trial court erred in its determination of child support.

[XVI.] The trial court erred in providing Denise with the right to claim all children for tax purposes.

[XVII.] The trial court erred in not specifying alienation counseling for Denise and the children.

[XVIII.] The trial court erred in its finding that Roman is obligated to reimburse Denise for tuition she paid to St. Matthew School.

[XIX.] The trial court erred in its ruling demanding that Roman remove liens from the marital home or face jail time.

[XX.] The trial court erred in not requiring Denise to pay a portion of Roman's attorney fees.

{¶ 10} When reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard is used. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). This is the standard in cases reviewing an order relating to alimony, *see*

*Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983); a division of martial property, *see Martin v. Martin*, 18 Ohio St.3d 292 (1985); a custody proceeding, *see Miller v. Miller*, 37 Ohio St.3d 71 (1988); or child support, *see Booth*. "Since it is axiomatic that a trial court must have discretion to do what is equitable upon the facts and circumstances of each case, it necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." (Citation omitted.) *Booth* at 144. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore* at 219. An abuse of discretion implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. *Pembaur v. Leis*, 1 Ohio St.3d 89 (1982); *In re Ghali*, 83 Ohio App.3d 460 (10th Dist.1992).

## III. DISCUSSION

{¶ 11} The first and second assignments of error concern discovery rulings by the trial court and will be handled together. Appellate courts generally apply the abuse of discretion standard when reviewing discovery rulings. *State ex rel. Sawyer v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 110 Ohio St.3d 343, 2006-Ohio-4574, ¶ 9. The first assignment of error argues the trial court should not have denied Roman's discovery motions for requests for admission dated February 13, and April 22, 2014. The second assignment of error argues the trial court erred in failing to grant Roman's motion to compel discovery.

{¶ 12} The trial court found that the requests for admission were properly considered and excluded for being compound in nature. The magistrate went through the requests for admission one-by-one in court and struck the questions that were found to be compound. (Apr. 28, 2014 Tr. at 25-48.) Roman even admits to the compound nature of some requests in his brief. The magistrate did not abuse its discretion in making these discovery rulings on the requests for admission finding many of the requests to be compound while allowing many others.

{¶ 13} The magistrate only granted Roman's motion to compel discovery in part, with regard to interrogatories and document requests, for failure of both parties to exchange requested information. (Apr. 28, 2014 Tr. at 22-23; May 4, 2017 Decision and

Entry at 7.) The magistrate also indicated that the parties would be allowed to provide discovery to each other prior to trial in order to have such evidence admitted. *Id.* The magistrate was not unreasonable in granting in part the motion to compel, as discovery was allowed to continue until trial. The magistrate did not abuse its discretion in coming to this conclusion.

{¶ 14} The first and second assignments of error are overruled.

{¶ 15} The third assignment of error argues that the trial court erred in not requiring the parties to attend mediation as required by the 2006 Agreed Shared Parenting Plan. The trial court found that, due to the extreme conflict between the parties, mediation would be futile. The trial court also noted that neither party scheduled mediation, nor was there any testimony of either party seeking to attempt mediation. The finding that the parties' inability to communicate or make joint decisions, as well as their failure to strictly follow other elements of their divorce decree, negates the necessity of enforcing the requirement for mediation before changes can be made to the parenting plan. Based on the record, the trial court did not abuse its discretion in determining that mediation would be futile.

{¶ 16} The third assignment or error is overruled.

{¶ 17} The fourth assignment of error argues the trial court erred in dismissing Roman's objection that the magistrate erred in appointing a new guardian ad litem when the original guardian was available to continue.

{¶ 18} The trial court stated that the appointment of a new guardian ad litem was appropriate and necessary, given the length of time between the appointment of the first guardian ad litem in 2005 and the case at bar. The trial court specifically stated that the first guardian ad litem had neither interviewed nor interacted with the children. The court did not abuse its discretion in finding that the appointment of the new guardian ad litem was appropriate and necessary and in dismissing Roman's objection.

{¶ 19} The fourth assignment of error is overruled.

{¶ 20} The fifth assignment of error argues the trial court erred in dismissing Roman's objection to the magistrate in failing to appoint an attorney for the children. Roman avers that there is conflict between the children's wishes and the guardian ad litem's recommendations. The guardian ad litem stated that if she felt there was a

conflict between her recommendation and the wishes of the children, she would have filed a notice with the court. (Apr. 28, 2014 Tr. at 13.) The guardian ad litem also spoke with two of the children again after learning of Roman's motion for an attorney and concluded there was no conflict. *Id.* There was also the consideration that a delay in the trial to appoint an attorney would not be in the children's best interest. (Tr. at 14.)

{¶ 21} The trial court relied on the guardian ad litem's statements and the fact that such an appointment would place further financial strain on Roman and Denise. The trial court did not abuse its discretion in dismissing Roman's objection.

{¶ 22} The fifth assignment of error is overruled.

{¶ 23} The sixth assignment of error argues the trial court erred in finding that the guardian ad litem completed her investigation pursuant to the local rules and rules of superintendence. Roman argues that the guardian ad litem was not timely in following up and requesting written reports from health professionals in violation of Loc.R. 15(G)(12)(g), 15(G)(12)(h) and 15(G)(15) of the Franklin County Court of Common Pleas, Division of Domestic Relations:

> A guardian ad litem shall make reasonable efforts to become informed about the facts of the case and to contact all parties. In order to provide the court with relevant information and an informed recommendation as to the child's best interest, a guardian ad litem shall, at a minimum, do the following, unless impracticable or inadvisable because of the age of the child or the specific circumstances of a particular case:
>
> * * *
>
> (g) Interview school personnel, medical and mental health providers, child protective services workers and relevant court personnel and obtain copies of relevant records;
>
> (h) Recommend that the court order psychological evaluations, mental health and/or substance abuse assessments, or other evaluations or tests of the parties as the guardian ad litem deems necessary or helpful to the court[.]

Loc.R. 15(G)(12). The local rules clearly state that a guardian shall act in ordering psychological evaluations and mental health or substance abuse assessments only when

the guardian deems it necessary.   Loc.R. 15(G)(12)(h).   Interviews and copies of records are only required if deemed relevant.  Loc.R. 15(G)(12)(g).

{¶ 24} The trial court found that the guardian completed her investigation pursuant to the local rules and the Rules of Superintendence set forth by the Supreme Court of Ohio.  (May 4, 2017 Decision and Entry at 20.)  The guardian ad litem's report indicates numerous meetings, communications with dozens of individuals including mental health professionals, doctors and school staff.   (Feb. 13, 2014 Report and Recommendation of the Guardian ad Litem.)  The guardian's report did address both the physical and mental health concerns brought forth by Roman.  *Id.*  The trial court did not abuse its discretion in finding that the guardian completed her investigation pursuant to the Local Rules and Rules of Superintendence.

{¶ 25} The sixth assignment of error is overruled.

{¶ 26} In the seventh assignment of error, Roman argues that the reliance on the guardian ad litem is in error because of the guardian's failure to address mental health and physical issues.  Roman is simply questioning the trial court's determinations of fact and credibility, and reliance on the guardian ad litem's work.   It is for the trial court to resolve disputes of fact and weigh the testimony and credibility of witnesses.  *Bechtol v. Bechtol*, 49 Ohio St.3d 21, 23 (1990).  The trial court as the factfinder may choose to believe or disbelieve any witness, and "court is free to accept or reject, in whole or in part, the testimony or opinions of any witness, whether accepted as an expert or not and determine the weight and credibility to be given thereto."  *Jackson v. Jackson*, 5th Dist. No. 03-CA-17, 2004-Ohio-816, ¶ 21, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus ("[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts.").

{¶ 27} The record shows that the guardian ad litem conducted an extensive investigation and the trial court determined that the evidence in the record was not contradictory.  (May 4, 2017 Decision and Entry at 24.)  It was not an abuse of discretion for the trial court to rely on the guardian's report.

{¶ 28} The seventh assignment of error is overruled.

{¶ 29} The eighth assignment of error argues the trial court erred in finding that the magistrate properly excluded two voicemails for lack of foundation for their proper

authentication. "The admission of evidence is generally within the sound discretion of the trial court, and a reviewing court may reverse only upon the showing of an abuse of that discretion." *Peters v. Ohio State Lottery Comm.*, 63 Ohio St.3d 296, 299 (1992).

{¶ 30} When these voicemails were attempted to be played, there was a concern that they would violate R.C. 3109.04(B)(3), which prohibits the recording of a child's wishes and concerns regarding the allocation of parental rights and responsibilities. (June 5, 2014 Tr. at 82-86.) The magistrate also stated that the children could talk about the issue during the in camera interview. The magistrate did not abuse its discretion in denying that the voicemails be played in open court.

{¶ 31} The eighth assignment of error is overruled.

{¶ 32} The ninth, tenth, and eleventh assignments of error concern Roman's parenting time and the right of first refusal found in the agreed shared parenting plan and will be dealt with together. The trial court stated that Roman failed to specifically testify as to the exact number of days on which he was denied parenting time pursuant to the right of first refusal. With a lack of evidence, the trial court found that it could not fashion a suitable remedy for lost time or make a finding that there was a pattern of denied parenting time.

{¶ 33} Roman states a number of lost days in his brief but fails to indicate in the record the dates of lost parenting time. The time Roman claims he was denied was in three- hour increments that occurred after the children left from school. The trial court stated that it is its policy to apply "a right of first refusal to time periods in excess of 4 hours because to apply a right of first refusal provision for timeframes less than 4 hours becomes overly burdensome and unwieldy for both the parties and their children." (May 4, 2017 Decision and Entry at 24.) This policy is not unreasonable, and we cannot conclude that it is not in the best interest of the children. The policy of the trial court combined with the lack of specific dates and times of denied parenting time fails to prove that the trial court abused its discretion when it found that Roman was not continuously or willfully denied parenting time.

{¶ 34} The ninth, tenth, and eleventh assignments of error are overruled.

{¶ 35} The twelfth, thirteenth, and fourteenth assignments of error assert that the trial court erred in the termination of the shared parenting agreement and custody determination. As such, the three assignments of error will be considered together.

{¶ 36} A trial court must follow R.C. 3109.04 when deciding child custody matters but it has broad discretion when determining what is the appropriate allocation of parental rights and responsibilities. *Parker v. Parker*, 10th Dist. No. 05AP-1171, 2006-Ohio-4110, ¶ 23. An appellate court must afford a trial court's child custody determinations the utmost respect. *Pater v. Pater*, 63 Ohio St.3d 393, 396 (1992). This deference is given based on the nature of the proceeding, the impact the court's determination will have on the lives of the parties concerned, and the fact that the knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *H.R. v. L.R.*, 181 Ohio App.3d 837, 2009-Ohio-1665, ¶ 13 (10th Dist.); quoting *Pater*; quoting *Miller*. Therefore, an appellate court will only reverse a trial court's custody determination if the trial court abused its discretion. *Miller* at 74; *Parker* at ¶ 23.

{¶ 37} Roman argues that the evidence does not support the trial court's determination with regards to its custody determination and is not in the best interests of the children. He also argues that the decision is against the manifest weight of evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

{¶ 38} The trial court, in responding to Roman's objections to the magistrate's decision, specifically considered each factor of R.C. 3109.04(F)(1)(a) through (j) and 3109.04(F)(2), weighed the evidence and made particular determinations.

{¶ 39} The trial court found that (1) both parents have requested sole custody of the children based on the other's incapacity for caring for the children in a custodial role; (2) the parents communication had completely deteriorated and they have been unsuccessful in jointly parenting their children; (3) the twins have a good relationship with both parents and want to continue to spend time similar to their current schedule, the oldest daughter wants no required visitation with her father; (4) the biggest issue in

this case is the strained relationship between the oldest child and Roman and the desire of the child not to have any contact which has not occurred with any significance since the summer of 2013; (5) both parents have stable and appropriate housing and the children are well-adjusted at school; (6) the oldest child was seeing counselors/doctors for a while but is currently doing well; (7) the parents and children currently have no physical or mental health issues; (8) Denise was found at times to have denied parenting time to Roman but Roman missed parenting time with the oldest child which was not caused by Denise; (9) Roman continues to untimely pay his child support obligations and has a child support arrearage; (10) neither parent has continuously and/or willfully denied the other parent's parenting time; (11) both parents have placed the children in the middle of their arguments and have attempted to cast the other parent in a negative light; (12) neither parent has done much to encourage the sharing of love, affection, and contact between the children and the other parent; (13) the guardian ad litem had multiple interactions with parents and children, witnesses, school officials and health professionals; (14) the guardian ad litem attempted to resolve disputes; (15) the guardian ad litem's investigation was completed pursuant to the Local Rules and the Rules of Superintendence; and (16) the guardian ad litem filed a report and was subject to cross- examination by both parties. (May 4, 2017 Decision and Entry at 12-20.)

{¶ 40} Based on careful consideration of the evidence, the trial court ordered the termination of the shared parenting agreement. Denise shall be designated the sole residential and legal custodian of the three minor children. Roman shall have parenting time with the twins. Holiday and vacation shall be governed by local rules. At age seventeen and one-half the oldest child may decide for herself the scope of her relationship with Roman without court intervention. There were other orders concerning extracurricular activities, medical care, and schooling. (May 4, 2017 Decision and Entry at 20-21.) The trial court also specifically terminated the right of first refusal in the former shared parenting agreement. *Id.* at 21.

{¶ 41} Reviewing the evidence in the record, we find that the determinations and orders of the trial court were not an abuse of discretion and were supported by a manifest weight of the evidence.

{¶ 42} The twelfth, thirteenth, and fourteenth assignments of error are overruled.

{¶ 43} The fifteenth assignment of error argues that the trial court erred in the determination of child support, while the sixteenth assignment of error argues the trial court erred in allowing Denise to claim all three children as dependents for federal tax purposes. An appellate court will not disturb a trial court's determination regarding child support absent an abuse of discretion. *Booth* at 144. Roman argues that the trial court did not fully consider all the relevant factors of R.C. 3119.23, specially the disparity in income.

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, * * * if, after considering the factors * * *                set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child.

R.C. 3119.22. The trial court went through each of the sixteen factors in its decision. (May 4, 2017 Decision and Entry at 25-27.) The trial court found, "(G) Disparity in income between parties or households – [Denise] earns $82,500 and bears 100% of the parenting time with respect to the eldest daughter. Now, she shall also bear the cost of parochial schools should she determine to continue their present enrollment. [Roman] contends that he earns $30,000." *Id.* at 26. The trial court found that the magistrate appropriately considered all applicable factors and rightly issued a guideline child support obligation to Roman—the same is just, appropriate, and in the minor children's best interest. Given the thorough review of the factors by the trial court, we find that the trial court properly considered the difference in income and did not abuse its discretion.

{¶ 44} Roman also argues that allocating the tax dependency exemptions to Denise would substantially reduce his standard of living and would not be in the best interest of the children. We review matters of awarding tax dependency exemptions using an abuse of discretion standard. *Goebel v. Goebel*, 10th Dist. No. 15AP-61, 2015-Ohio-5547, ¶ 8. The trial court noted that there was a lack of evidence on which it could rely to review the allocation of the exemptions. "In such an evidence vacuum, the Court cannot rightfully conclude that [Denise] forgoing a tax dependency exemption, *especially given the fact that she bears more responsibility for the children in terms of time and expense*, furthers

the best interest of the children." (Emphasis sic.) (May 4, 2017 Decision and Entry at 29.) The trial court did not abuse its discretion in coming to this conclusion.

{¶ 45} The fifteenth and sixteenth assignments of error are overruled.

{¶ 46} The seventeenth assignment of error argues the trial court erred in not specifying alienation counseling for Denise and the children. Roman argues that such counseling is in the best interest of the children. The trial court determined, in the best interest of the children, that the reunification counseling is strongly encouraged but does not require it. (May 4, 2017 Decision and Entry at 20.) Such a decision is within the sound discretion of the trial court.

{¶ 47} The seventeenth assignment of error is overruled.

{¶ 48} The eighteenth assignment of error argues the trial court erred in requiring Roman to pay tuition to St. Matthew Parish School beyond 2007. The shared parenting plan stated the parties agree the children will attend St. Matthew Parish School, unless agreed otherwise by the parties or determined by the court, until the 2007 school year ends. (Agreed Shared Parenting Plan at 4.) The plan further reads that Roman shall be responsible for payment of tuition for all children while they attend St. Matthew. *Id.*

{¶ 49} The trial court made the finding that Roman did pay some tuition after the 2007 school year, but found that the parties are no longer in agreement on attending St. Matthew and ruled that effective with the 2017-2018 school year, Denise shall be solely responsible for costs associated with the children's enrollment in private/parochial schools. The trial court found that Roman was required to reimburse Denise for tuition paid to St. Matthew due to the clear language of the shared parenting plan that he was required to pay all of St. Matthew's tuition for the children.

{¶ 50} Roman argues that he was only required to pay all the tuition through the 2007 school year and that Denise claimed to have taken full responsibility for paying the tuition in an email. The trial court properly found that Roman did somewhat acquiesce to the children's continued attendance at St. Matthew as some of the children were still enrolled in the school and Roman had made some payments for school tuition after 2007. (May 4, 2017 Decision and Entry at 9.)

{¶ 51} The parties could not agree to unilaterally amend the provisions of the shared parenting plan. A plain reading of the shared parenting plan shows that the

parties could unilaterally agree to remove the children from St. Matthew. However, no such discretion is afforded the responsibility for payment. "Father shall be responsible for payment of tuition for all children while they attend St. Matthew Parish School." (Agreed Shared Parenting Plan at 4.) The trial court did not abuse its discretion in determining that Roman shall be responsible for payment of the St. Matthew tuition.

{¶ 52} The eighteenth assignment of error is overruled.

{¶ 53} The nineteenth assignment of error argues the trial court required that Roman remove the liens on Denise's property. Roman's argument is not well-taken as he only argues that were it not for Denise's failure to refinance, there would be no liens on her property. These liens were placed as a result of Roman's failure to pay taxes for a number of years. The trial court did not abuse its discretion in affirming the magistrate's decision to require that Roman remove the liens on Denise's property by the end of 2015.

{¶ 54} The nineteenth assignment of error is overruled.

{¶ 55} The twentieth assignment of error argues that the trial court erred in not awarding attorney fees for Roman's attorney. The trial court stated that neither party moved for an award of attorney fees. While there was no specific motion for attorney fees, Roman did request an award of attorney fees at the end of a memorandum. (June 9, 2014 Memorandum in Support of Roman's Response to Denise's motion to Modify or Terminate the Shared Parenting Plan and Roman's Motion for Termination or Modification of the Shared Parenting Plan.) The decision to impose sanctions pursuant of Civ.R. 37 is within the discretion of the trial court and will not be reversed absent an abuse of discretion. *See Barton v. Barton,* 10th Dist. No. 96APF11-1526 (June 3, 1997). As stated earlier, the magistrate only granted Roman's motion to compel discovery in part, with regard to interrogatories and document requests for failure of both parties to exchange requested information. Clearly the trial court and magistrate did not feel that attorney fees should be awarded in this case and they did not abuse their discretion in coming to this conclusion.

{¶ 56} The twentieth assignment of error is overruled.

## IV. CONCLUSION

{¶ 57} Having overruled all the assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

**KLATT**  and SADLER, JJ., concur.

————————